UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                         Criminal Case No. 14-20652
                                                          Civil Case No. 18-12180

James Michael Fizer,

                                                          Sean F. Cox
    Defendant/Petitioner.                     United States District Court Judge

_____/

## **OPINION & ORDER DENYING FIZER'S MOTION UNDER 28 U.S.C. § 2255**

Acting *pro se*, Petitioner James Michael Fizer filed this habeas petition under 28 U.S.C. § 2255. In it, he argues that he is entitled to relief from his sentence for bank robbery because his previous bank robbery convictions no longer qualify as predicate offenses under the career offenders guidelines in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). Because the files and records of the case conclusively show that Fizer is not entitled to habeas relief, an evidentiary hearing is not necessary and the matter is ripe for the Court's decision.

Fizer's petition runs headlong into two hurdles that prove insurmountable: § 2255's statute of limitations and the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). Accordingly, the Court will deny Fizer's petition and decline to issue a certificate of appealibility.

## BACKGROUND

On December 17, 2014, Fizer pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing, Fizer's Guidelines Range was calculated at 151 to 188 months. This Range was based in part on the determination that Fizer was a career offender under the Career

1

Offender Guidelines, U.S.S.G. § 4B1.1. On April 17, 2015, the Court sentenced Fizer to a below-the-Guidelines sentence of 120 months' imprisonment.

On June 14, 2016, Fizer, acting through counsel, filed a motion vacate his sentence under § 2255. (ECF No. 21). He argued that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, applied with equal force to an identically worded section of the Career Offender Guidelines. He contended that, without his now-unconstitutional career offender designation, his Guidelines Range would have been 70 to 87 months.

On July 29, 2016, the Court entered a stipulated order, staying Fizer's § 2255 motion until the Supreme Court decided *Beckles*, which would resolve whether "the holding of *Johnson* [ ] applies to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2)." (ECF No. 24).

On March 6, 2017, the Supreme Court issued its opinion in *Beckles*, holding that Sentencing Guidelines cannot be unconstitutionally vague. On March 20, 2017, Fizer filed a notice of voluntary dismissal of his § 2255 motion. (ECF No. 26)

On July 6, 2017, Fizer filed a *pro se* motion to withdraw his dismissal of his § 2255 based on ineffective assistance of counsel. (ECF No. 27). However, on November 27, 2017, Fizer moved to withdraw "all claims previously presented before the Court." (ECF No. 32). The Court granted his motion to withdraw all claims on December 8, 2017. (ECF No. 33).

On March 22, 2019, Fizer filed his now-pending § 2255 petition. (ECF No. 37). He argues that *Dimaya* shows that *Johnson* "can be equally applied to the Career Offender Guidelines and other identical statutes," (ECF No. 37, PageID 122), and that his previous convictions therefore no

2

longer qualify as a crimes of violence. The Government filed a response in opposition, arguing that Fizer's petition is untimely, and that *Beckles* forecloses his argument on the merits. (ECF No. 44). Fizer filed a response, arguing that his petition is timely under § 2255(f)(3) because *Dimaya* announced a new substantive rule of law that is retroactive. (ECF No. 44). He also argues that he "did not raise a *Beckles* challenge, but solely applied the residual clause challenge in [*Dimaya*] as it applied to his prior 'non-violent' bank robbery charges." (ECF No. 44, PageID 151).

**ANALYSIS**

Fizer's petition is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to § 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003). When a defendant files a § 2255 motion, he or she must set forth facts establishing

3

entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

## I. Timeliness

The Government argues that Fizer's motion is time-barred. Generally, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction become final upon the conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

The Court entered judgment against Fizer on April 17, 2015. (ECF No. 20). Because Fizer did not appeal, his conviction became final on May 1, 2015 *See* Fed. R. App. P. 4(b)(1)(A) (setting a 14-day window for a criminal defendant to file an appeal). Thus, Fizer had until May 1, 2016 to file a § 2255 motion. He did not file his now-pending motion until March 22, 2019. His petition is therefore untimely unless he can satisfy some other section of § 2255(f).

Fizer attempts to avail himself of § 2255(f)(3), which allows the filing of a § 2255 petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Fizer argues that his current petition is timely under this section because it was filed within one year of the *Dimaya* decision.

This argument is a non-starter. Nothing in *Dimaya* suggests that the Supreme Court was initially recognizing any substantive right or that it was making any such newly recognized right retroactively applicable to cases on collateral review. In fact, the Supreme Court acknowledged that

4

the decision in *Dimaya* was simply a "straightforward application" of *Johnson*. *Dimaya*, 138 S.Ct. at 1213. And Fizer points to no court that has ever accepted the argument he now advances. Thus, the Court concludes that *Dimaya* did not restart the time for filing a § 2255 motion. In other words, Fizer's § 2255 motion is untimely and must be denied.

## II.     *Beckles*

Even if Fizer's petition was timely, it is directly foreclosed by *Beckles*. Fizer's petition is premised on the argument that a void for vagueness challenge (like that which was advanced in *Dimaya*) may be advanced against a section of the Sentencing Guidelines. However, in *Beckles*, the Supreme court held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause," because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S.Ct. at 892. Contrary to Fizer's assertions, *Dimaya*—which involved a statute, not advisory Guidelines—casts no doubt on the continued applicability of *Beckles* in this context. Accordingly, Fizer's petition is meritless.

## III.    **Certificate of Appealability**

For the reasons above, the Court concludes that Fizer is not entitled to habeas relief.

A certificate of appealability must issue before Fizer may appeal the Court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. As the Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Supreme Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, Fizer's § 2255 Motion raised an untimely vagueness challenge that was clearly foreclosed by Supreme Court precedent. The Court concludes that reasonable jurists would not find the Court's assessment of Fizer's claim debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION & ORDER

For the reasons stated above, the Court **DENIES** Fizer's § 2255 Motion.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 26, 2019